UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA


**CIVIL MINUTES – GENERAL**


Case No.  2:26-cv-04321-MWC-SK                                    Date: July 6, 2026

Title:     Eleina Ibarra v. Walmart Inc., *et al.*


Present: The Honorable Michelle Williams Court, United States District Judge


| T. Jackson | Not Reported |
|:---:|:---:|
| Deputy Clerk | Court Reporter / Recorder |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|:---:|:---:|
| N/A | N/A |


**Proceedings:  (IN CHAMBERS) ORDER GRANTING PLAINTIFF'S MOTION TO REMAND (DKT. [11]); REMANDING THIS ACTION TO LOS ANGELES COUNTY SUPERIOR COURT; AND DENYING AS MOOT JOINT ADMINSTRATIVE REQUEST TO APPEAR REMOTELY (DKT. [14]) [JS-6]**

Before the Court is Plaintiff Eleina Ibarra's ("Plaintiff" or "Ibarra") Motion to Remand Case to Los Angeles County Superior Court.  Dkt. # 11 ("*Mot*").  Defendants Walmart Inc. ("Walmart") and Mark Oh ("Oh") (collectively, "Defendants") opposed, Dkt. # 13 ("*Opp'n*").  Plaintiff did not file a Reply. The Court finds this matter appropriate for decision without oral argument.  *See* Fed. R. Civ. P. 78; C.D. Cal. L.R. 7-15.  After considering the papers, the Court **GRANTS** Plaintiff's motion, **VACATES** the July 10, 2026 hearing, and **DENIES AS MOOT** the parties' Joint Administrative Request to Appear Remotely at hearing (Dkt. # 14).  This action is **REMANDED** to Los Angeles County Superior Court (Case No. 26STCV08768).

I.      Background

This action arises from Plaintiff's employment as an Overnight Stocker for Walmart in Covina, California.  *See* Ex. 1, Dkt. # 1-1 ("*Compl.*") at 6.  The Complaint alleges:

Plaintiff worked for Walmart as an Overnight Stocker.  *Id.* ¶ 7a.

In November 2021, Plaintiff learned she was pregnant with her second child.  *See id.* ¶ 9a.  She immediately informed Walmart managers Coach Jennifer Bontempo

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA


**CIVIL MINUTES – GENERAL**


Case No.  2:26-cv-04321-MWC-SK                                    Date: July 6, 2026

Title:      Eleina Ibarra v. Walmart Inc., *et al.*


("Bontempo"), People Lead Rocio (last name unknown) ("Rocio"), Store Manager Sandra Hernandez ("Hernandez"), and Coach Mike (last name unknown) ("Mike") of her pregnancy. *Id.*

When Plaintiff notified Bontempo of her pregnancy, Bontempo advised her to obtain a work restriction note from her doctor as soon as possible. *Id.* ¶ 9b. Bontempo was pregnant a year prior and warned Ibarra that she experienced pregnancy discrimination by Sandra Hernandez. *Id.* Ibarra grew fearful that she too would face this discrimination. *Id.*

Ibarra promptly provided her doctor's note. *Id.* She obtained a work restriction through her doctors and submitted it to Rocio. *Id.*

Despite requesting accommodations per the restrictions listed on her doctor's note, Plaintiff was surprised to find that she was still being forced to do physical actions. *Id.* ¶ 9c. This made Plaintiff extremely uncomfortable, but she decided to comply with the requests to perform physical tasks. *Id.*

Plaintiff feared suffering an injury that could impact her pregnancy. *Id.* ¶ 9f. She experienced stress and anxiety, as well as soreness and fatigue. *Id.*

In or around late January 2022, Plaintiff approached Mike and Sandra Hernandez privately. *Id.* ¶ 9h. She expressed that her restrictions were being completely ignored, and that she was still pulling, pushing, climbing, and lifting beyond her limitations. *Id.* Mike responded by telling Ibarra, "I understand, but the job needs to get done." *Id.* Sandra Hernandez then agreed with Mike, stating "Ya, the jobs need to be done." *Id.*

Mike then suggested that if Plaintiff was not comfortable doing specific tasks, she could merely "find someone who can help." *Id.* ¶ 9i.

Plaintiff was later informed by Team Lead Maria (Last Name Unknown) ("Maria") that someone from management was going to "force" her to help in the Online Pickup Department. *Id.* ¶ 9m. This consisted of physically picking up orders that customers placed online and moving them. *Id.* Plaintiff mentioned to Maria that she had an

---

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.   2:26-cv-04321-MWC-SK                                    Date: July 6, 2026

Title:     Eleina Ibarra v. Walmart Inc., *et al.*

accommodation and was excused from moving orders above a certain weight.  *Id.* However, Maria stated that this specific manager "did not care" that Plaintiff had restrictions.  *Id.*

Plaintiff gave birth to her child and planned to return to work in January 2023.  *Id.* ¶ 9n.

Upon returning to work, Ibarra spoke to People Lead Brianna (Last Name Unknown) and requested stepping down from her role as an Apparel Team Lead to go back to being an Overnight Stocker.  *Id.* ¶ 9o.  Since Overnight Stockers worked from 10:00 p.m. to 7:00 a.m., Plaintiff would be able to spend all day with her newborn while her mother took care of her baby overnight.  *Id.*  Plaintiff requested pumping accommodations as well.  *Id.* ¶ 9p.  Both of Ibarra 's requests were denied.  *Id.*

Instead, Walmart suggested that Plaintiff transfer to the City of Industry location so she could work the overnight shift and have a pumping room.  *Id.* ¶ 9p.  Ibarra reluctantly accepted the transfer.  *See id.*  Her supervisors were Frankie (Last Name Unknown) and Judy (Last Name Unknown).  *Id.* ¶ 9q.  Upon her transfer, Ibarra met with Judy and requested accommodations for pumping.  *Id.*  Judy instructed Plaintiff to use one of the break rooms in the back of the store.  *Id.*  However, the break room was a shared space where employees took their breaks.  *Id.*  As a result, there were numerous occasions in which Plaintiff needed to wait until the room was empty before she could pump and, as a result she often suffered from painful engorgement.  *Id.* ¶ 9r.  Additionally, Plaintiff was not given time to pump outside of her meal and rest breaks.  *Id.* ¶ 9s.

Plaintiff complained to managers Judy and Frankie.  *Id.* ¶ 9t.  Unfortunately, the issue was not swiftly resolved.  *Id.*  After one month and three complaints, Walmart ensured that the pumping room was no longer used as a break room.  *See id.*

In or about June 2024, Plaintiff became a People Lead and moved to the Torrance location.  *Id.* ¶ 9u.  Around this time, Plaintiff also learned she was pregnant with her third child.  *Id.*

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA


**CIVIL MINUTES – GENERAL**

Case No.  2:26-cv-04321-MWC-SK                          Date: July 6, 2026

Title:    Eleina Ibarra v. Walmart Inc., *et al.*


In or around September of 2024, Ibarra notified her store manager, Mark Oh ("Oh"), of her pregnancy.  *Id.* ¶ 9v.  When Plaintiff disclosed her pregnancy, Oh responded in an angry tone "Again?! Didn't you just have a baby?"  *Id.* (emphases omitted).

As the months went on, Plaintiff frequently saw Oh on the sales floor.  *Id.* ¶ 9x. Multiple times, Oh approached Ibarra while working and stated in a concerned tone, "Wow your belly is so big."  *Id.* (emphases omitted).  Plaintiff was extremely embarrassed that her male supervisor was making comments about her body in a disapproving manner.  *Id.* (emphases omitted).

In January of 2025, Ibarra went on her maternity leave.  *Id.* ¶ 9z.  Prior to returning to work, Ibarra had many conversations with Coach Patricia Belt ("Belt") about the lack of lactation accommodations at the Torrance location.  *Id.* ¶ 9aa.  Belt was pregnant at the same time as Plaintiff and needed to pump as well.  *Id.* (emphases omitted).

On her first day back on September 18, 2025, Plaintiff asked Belt if there was a "mother's room" made available.  *Id.* ¶ 9cc.  Belt informed Plaintiff that she has been using the personnel office.  *Id.*  Plaintiff later approached Oh, informed him that she was breastfeeding and requested accommodations for pumping.  *Id.*  Oh responded, "You can pump in the personnel office Patricia [Belt] uses."  *Id.* (emphases omitted).

One wall in the personnel office had a large window.  *See id.* ¶ 9dd.  On the other side of this window was a training room, in which associates were trained daily.  *See id.* Employees were constantly in this training room.  *See id.*  Although the window had blinds, the material was thin and transparent, and the blinds were not large enough to cover the window.  *Id.*

The personnel room was used frequently for meetings.  *See id.* ¶ 9ff.  Plaintiff avoided pumping while these meetings took place; the waiting caused painful engorgement.  *See id.*

In October of 2025, Plaintiff complained to Oh about the designation of the personnel room for pumping.  *Id.* ¶ 9gg.  She specifically cited the window and the lack of a refrigerator or sink.  *Id.*  Oh responded, "Patricia uses this room, why can't you use it

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA


**CIVIL MINUTES – GENERAL**


Case No.  2:26-cv-04321-MWC-SK                         Date: July 6, 2026

Title:     Eleina Ibarra v. Walmart Inc., *et al.*


too?"  *Id.* ¶ 9hh (emphases omitted).  In addition, Oh stated Plaintiff had no choice but to pump in this room because it was "the only room without a camera."  *Id.* ¶ 9ii (emphases omitted).

In October 2025, Plaintiff raised her concerns to Market People Partner Patricia Hernandez ("Hernandez").  *Id.* ¶ 9kk.  Hernandez possessed a higher position than Oh, and Plaintiff believed that Hernandez would be more responsive.  *See id.*  Hernandez responded that she would work with Oh to "have a new space ready soon."  *Id.* ¶ 9ll.

On December 18, 2025, Plaintiff was asked to come into the AP office for a meeting.  *Id.* ¶ 9mm.  Present in the office were Coach Denise (last name unknown) ("Denise"), Curtis, and Oh.  *Id.* ¶ 9nn.

A report regarding a two-week bereavement leave Plaintiff took in November of 2024 for her mother's passing was on the table.  *Id.*  Curtis asked Plaintiff to write a statement on why she took so much bereavement leave.  *Id.*  Though Ibarra was shocked, she fulfilled Curtis' request.  *Id.*

After completing the statement, Plaintiff was told she was being terminated.  *See id.* ¶ 9oo.  She never had any write-ups, was never reprimanded, and had positive performance reviews at Torrance.  *Id.*

As a result of Walmart's failure to accommodate Plaintiff pregnancy-related physical limitations during her second pregnancy, Walmart's failure to provide adequate lactation accommodations after Plaintiff's pregnancies, Walmart's discriminatory acts, and Walmart's termination of Plaintiff, Plaintiff suffered economic and non-economic damages.  *Id.* ¶¶ 10–11.  Plaintiff also contends that Defendants' conduct constitutes oppression, fraud, and/or malice under California Civil Code section 3294 and, thus, entitles plaintiff to an award of exemplary and/or punitive damages.  *Id.* ¶ 12.

II.     Procedural History

On March 17, 2026, Plaintiff initiated this lawsuit against Defendants in the Superior Court of the State of California for the County of Los Angeles, alleging twelve

---

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.   2:26-cv-04321-MWC-SK                           Date: July 6, 2026

Title:     Eleina Ibarra v. Walmart Inc., *et al.*

(12) claims under state law.[1]  *See Compl.* at 2.  As relevant here, the Complaint asserts three (3) claims against Defendant Oh for: (1) violation of California's Fair Housing and Employment Act ("FEHA") for harassment on the basis of sex/gender, including pregnancy and breastfeeding; (2) a second FEHA violation for harassment on the basis of disability and/or medical conditions; and (3) Intentional Infliction of Emotional Distress ("IIED").  *See id.* at 19, 23–24, 32.  On April 23, 2026, Walmart removed this action to federal court on the basis of diversity jurisdiction.  *See* Notice of Removal, Dkt. # 1 ("*NOR*") at 2–3.  The Notice of Removal ("NOR") represents that complete diversity exists because Plaintiff is a citizen of California, Defendant Walmart is a citizen of Delaware and/or Arkansas, and Defendant Oh's citizenship is irrelevant because he is a "sham defendant."  *See id.* at 3–5.  On May 26, 2026, Plaintiff filed the instant Motion to Remand. Dkt. # 11.  The motion is fully briefed and ripe for consideration and disposition.

III.   <u>Legal Standard</u>

   A.   <u>Motion to Remand</u>

"The federal removal statute provides that 'any civil action brought in a State court of which the district court of the United States have original jurisdiction . . . may be removed by the defendant . . . to the district court of the United States.'"  *Sauk-Suiattle Indian Tribe v. City of Seattle*, 56 F.4th 1179, 1184 (9th Cir. 2022) (quoting 28 U.S.C. § 1441(a)); *Moore-Thomas v. Alaska Airlines, Inc.*, 553 F.3d 1241, 1243 (9th Cir. 2009). "In 28 U.S.C. §§ 1331 and 1332(a), Congress granted federal courts [original] jurisdiction over two general types of cases: cases that 'aris[e] under' federal law, § 1331, and cases in which the amount in controversy exceeds $75,000 and there is diversity of citizenship among the parties, § 1332(a)."  *Home Depot U.S.A., Inc. v. Jackson*, 587 U.S. 435, 437 (2019).  Thus, a defendant may remove an action to federal court based on diversity jurisdiction.  28 U.S.C. §§ 1441(a), (b).  Diversity jurisdiction "requires 'complete diversity' of citizenship, meaning that 'the citizenship of each plaintiff is diverse from the citizenship of each defendant.'"  *Demarest v. HSBC Bank USA, N.A.*, 920 F.3d 1223, 1226 (9th Cir. 2019) (quoting *Caterpillar Inc. v. Lewis*, 519 U.S. 61, 68 (1996)).

---

[1] Though the caption page of Plaintiff's Complaint represents that she is bringing fourteen (14) claims against Defendants, the body of her Complaint asserts only twelve (12) claims.  *Compare Compl.* at 3, *with Compl.* at 31–32.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA


**CIVIL MINUTES – GENERAL**


Case No.  2:26-cv-04321-MWC-SK                                    Date: July 6, 2026

Title:     Eleina Ibarra v. Walmart Inc., *et al.*


However, independent of § 1332(a)'s requirements, an action "may not be removed if any of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought."  28 U.S.C. § 1441(b)(2).  This is known as the "forum defendant rule," and its violation constitutes a "non-jurisdictional defect" and basis for remanding the case. *See Casola v. Dexcom, Inc.*, 98 F.4th 947, 950 (9th Cir. 2024); *Lively v. Wild Oats Markets, Inc.*, 456 F.3d 933, 939 (9th Cir. 2006).   Ultimately, "[t]he removal statute is strictly construed, and any doubt about the right of removal requires resolution in favor of remand." *Moore-Thomas*, 553 F.3d at 1244 (citation omitted).  There is a "presumption against removal," and "the defendant always has the burden of establishing that removal is proper." *Id.* (citation and internal quotation marks omitted).

> ### i.      *Fraudulent Joinder*

In determining whether there is complete diversity, "district courts may disregard the citizenship of a non-diverse defendant who has been fraudulently joined." *GranCare, LLC v. Thrower*, 889 F.3d 543, 548 (9th Cir. 2018) (citation omitted); *see also Lincoln Prop. Co. v. Roche*, 546 U.S. 81, 91 (2005).  Since there is a "general presumption against finding fraudulent joinder," a defendant who invokes federal court diversity jurisdiction on the basis of fraudulent joinders bears a "heavy burden[.]" *GranCare*, 889 F.3d at 548 (cleaned up) (quoting *Hunter v. Philip Morris USA*, 582 F.3d 1039, 1046 (9th Cir. 2009); *see also Weeping Hollow Ave. Trust v. Spencer*, 831 F.3d 1110, 1112–13 (9th Cir. 2016).

There are two ways to establish fraudulent joinder: "(1) actual fraud in the pleading of jurisdictional facts, or (2) inability of the plaintiff to establish a cause of action against the non-diverse party in state court." *Hunter*, 582 F.3d at 1044 (citation omitted).  The second way to establish fraudulent joinder requires the movant to show that the "individual joined in the action cannot be liable on any theory." *GranCare*, 889 F.3d at 548 (cleaned up) (citation and quotation marks omitted).  If a plaintiff "fails to state a cause of action against a resident defendant" and such failure is considered obvious, the "joinder of [the] non-diverse defendant is deemed fraudulent" and their presence is "ignored for purposes of determining diversity." *Weeping Hollow*, 831 F.3d at 1113 (cleaned up) (citation omitted).  The test for fraudulent joinder and the test under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim "are not equivalent." *GranCare*, 889 F.3d at 549.  "A claim against a defendant may fail under Rule 12(b)(6), but that defendant has not necessarily been fraudulently joined." *Id.*  If there is a "*possibility*" that a state court would find the Complaint states a claim against any resident defendant, "the federal court must

---

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.   2:26-cv-04321-MWC-SK                              Date: July 6, 2026

Title:      Eleina Ibarra v. Walmart Inc., *et al.*

find that the joinder was proper and remand the case to [] state court." *Id*. at 549 (emphasis in original) (citation omitted).

IV.    Discussion

      The parties agree that Defendant Oh is a citizen of California whose presence destroys diversity jurisdiction and violates the forum-defendant rule. *See Mot.* at 5; *Opp'n* at 6. The only dispute is whether Plaintiff fraudulently joined Defendant Oh, such that the Court should disregard his citizenship for the purposes of assessing subject-matter jurisdiction. As such, the parties assess whether Plaintiff has sufficiently stated her FEHA and IIED claims against Defendant Oh.

      A.      FEHA Sex/Gender Harassment

      The FEHA "expressly prohibits" harassment based on sex in the workplace. *Miller v. Dep't of Corrs.*, 36 Cal. 4th 446, 460 (2005) ("It is an unlawful employment practice for an employer because of sex to harass an employee.") (cleaned up) (internal quotation marks and citation omitted). "[H]arassment because of sex includes . . . harassment based on pregnancy, childbirth, or related medical conditions." *Id.* (internal quotation marks and citation omitted). "To establish a claim for harassment, a plaintiff must demonstrate that: (1) she is a member of a protected group; (2) she was subjected to harassment because she belonged to this group; and (3) the alleged harassment was so severe that it created a hostile work environment." *Lawler v. Montblanc N. Am., LLC*, 704 F.3d 1235, 1244 (9th Cir. 2013) (citing *Aguilar v. Avis Rent A Car Sys., Inc.*, 21 Cal. 4th 121 (1999)). "The plaintiff must show a concerted pattern of harassment of a repeated, routine or a generalized nature," and the harassment must "consist[] of actions outside the scope of job duties which are not of a type necessary to business and personnel management." *Id.* (quoting *Reno v. Baird*, 18 Cal. 4th 640 (1998)). In other words, "commonly necessary personnel management actions," like "hiring and firing, job or project assignments, promotion or demotion, and performance evaluations" do not constitute harassment. *Id.* (internal quotation marks and citation omitted).

      Harassment under FEHA "includes (but is not limited to) *verbal harassment*, including epithets, derogatory comments or slurs on a basis enumerated in the Act; [and/or] *physical harassment*, including . . . any physical interference with normal work or movement, when directed at an individual on a basis enumerated in the Act." *Miller*, 36

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.   2:26-cv-04321-MWC-SK                                    Date: July 6, 2026

Title:        Eleina Ibarra v. Walmart Inc., *et al.*

Cal. 4th at 461 (emphases in original). Thus, a defendant may be liable for creating a hostile work environment "even if the plaintiff never is subjected to sexual advances." *Id.* For example, "a cause of action based upon a hostile environment was stated when the plaintiff alleged she had been subjected to long-standing ridicule, insults, threats, and especially exacting work requirements by male coworkers who evidently resented a female employee's entry" into the position. *Id.* at 462. To prevail on a hostile work environment claim, the plaintiff claiming harassment must demonstrate that "the conduct complained of was severe enough or sufficiently pervasive to alter the conditions of employment and create a work environment that qualifies as hostile or abusive to employees because of their sex." *Id.* Such inquiry requires evaluating the working environment "in light of the totality of the circumstances," evaluating, among other things, "the frequency of the discriminatory conduct; its severity; whether it is physically threatening or humiliating, or a mere offensive utterance; and whether it unreasonably interferes with an employee's work performance." *Id.*

Defendants argue that Defendant Oh is a sham defendant, in part, because Plaintiff failed to state a hostile work environment harassment claim against Oh. *See Opp'n* at 8–12. Specifically, Defendants argue that "Oh's alleged conduct would fall within personnel management decisions" and that his "alleged conduct may be deemed discriminatory," but not harassing. *See id.* at 10, 11 (calling Oh's alleged conduct and comments "isolated, personnel actions"). Defendants further contend that the Complaint does not describe conduct that was sufficiently severe or pervasive to amount to a hostile work environment. *Id.* at 11–12. The Court disagrees on all accounts.

First, the Court cannot conclude that any of the allegations in the Complaint can reasonably be deemed "personnel management decisions," as Defendants suggest. Such decisions relate to hiring and firing, promotion or demotion, job assignments, etc. *See Lawler*, 704 F.3d at 1244. Here, the Complaint alleges that Defendant Oh made verbal epithets and derogatory comments in front of Plaintiff's coworkers, *see Compl.* ¶¶ 9v, 9w; repeatedly made embarrassing comments about Plaintiff's body size, *see id.* ¶ 9x; directed Plaintiff to a coworker's office to breastfeed, where employees could watch Plaintiff, causing her stress and physical discomfort, *see id.* ¶¶ 9cc, 9ff; and dismissed Plaintiff's complaints regarding breastfeeding accommodations, *see id.* ¶ 9hh. None of these allegations may reasonably be deemed "personnel" decisions. Nor may these allegations be credibly called "isolated" or sporadic, as Defendants suggest. *Cf. Opp'n* at 11. The Complaint alleges that Defendant Oh made such humiliating verbal epithets over the course

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA


**CIVIL MINUTES – GENERAL**


Case No.  2:26-cv-04321-MWC-SK                      Date: July 6, 2026

Title:     Eleina Ibarra v. Walmart Inc., *et al.*


of several months, *see, e.g.*, *Compl.* ¶ 9x, and the Complaint chronicles issues with Defendant Oh from at least September 2024 until Plaintiff's termination in December 2025, *see id.* ¶¶ 9v–9oo.

In any event, "the test for fraudulent joinder and for failure to state a claim under Rule 12(b)(6) are not equivalent.  A claim against a defendant may fail under Rule 12(b)(6), but that defendant has not necessarily been fraudulently joined." *Grancare*, 889 F.3d at 549 ("If a defendant cannot withstand a Rule 12(b)(6) motion, the fraudulent inquiry does not end there.").  And the Court "must consider . . . whether a deficiency in the complaint can possibly be cured by granting the plaintiff leave to amend." *Id.*  In other words, Defendants' arguments are simply inapposite to the fraudulent joinder inquiry because "the question is not whether [Plaintiff's] factual allegations 'plausibly give rise to an entitlement of relief' under Rule 12(b)(6)," but instead, "[i]t is whether [Defendants] ha[ve] demonstrated that [Plaintiff] 'cannot be liable' at all, which [they do] not demonstrate here." *Rodrigue v. Old Dominion Freight Line, Inc.*, No. 1:24-cv-00061-JLT-CDB, 2026 WL 158787, at *3 (E.D. Cal. Jan. 21, 2026).

Accordingly, Defendants' "arguments about the severity, pervasiveness, and frequency of the alleged harassment invoke a defense that requires a searching inquiry into the merits of plaintiff's case, so it is not a permissible ground for finding fraudulent joinder." *Id.* (quoting *Grancare*, 889 F.3d at 548–59); *see also Hunter v. Philip Morris USA*, 582 F.3d 1039, 1044 (9th Cir. 2009) ("[A] summary inquiry is appropriate only to identify the presence of discrete and undisputed facts that would preclude plaintiff's recovery against the in-state defendant[.]"); *Michels v. Walmart Inc.*, No. EDCV 25-00124 JGB (SPx), 2025 WL 1488902, at *3 (C.D. Cal. July 30, 2025) (declining to assess whether the totality of the circumstances amounted to severe or pervasive harassment in fraudulent joinder inquiry because "[s]uch analysis would be misplaced here"); *Xie v. Wal-Mart Assocs., Inc.*, No. 25-cv-00091-HSG, 2025 WL 1135082, at *3 (C.D. Cal. Apr. 17, 2025) ("Here, the Court does not need to determine whether the alleged harassment was so severe as to create a hostile work environment.  The fact that Mr. Xie's FEHA claim could proceed in state court is itself sufficient to overcome Defendant's claims of fraudulent joinder.").

The Court is satisfied that given these facts, there exists, at the very least, "[a] mere glimmer of hope that the plaintiff could establish a [FEHA] claim" against Defendant Oh, which "is sufficient to defeat removal on the basis of fraudulent joinder." *Ross v. Wal-Mart Assocs., Inc.*, No. EDCV 26-1832 JGB (SPx), 2026 WL 1847180, at *4 (C.D. Cal.

---

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.   2:26-cv-04321-MWC-SK                                   Date: July 6, 2026

Title:     Eleina Ibarra v. Walmart Inc., *et al.*

June 23, 2026) (internal quotation marks and citation omitted).  And to the extent that any of Plaintiff's allegations are insufficient to state a FEHA harassment claim against Defendant Oh, Plaintiff can surely cure these deficiencies in an amended Complaint.  *See Grancare*, 889 F.3d at 550; *Xie*, 2025 WL 1135082, at *4 ("Even if Mr. Xie's allegations did not presently state a claim, Defendants have not established that his pleading deficiencies cannot possibly be cured by granting the plaintiff leave to amend," which provides a "second, alternative ground to grant Mr. Xie's motion for remand.") (quotation marks and citation omitted).

Defendant Oh is not fraudulently joined and Plaintiff has shown at least the "possibility of recovery" against him for a FEHA harassment claim.  *Grancare*, 889 F.3d at 550.  "Because only a single viable claim is necessary to defeat fraudulent joinder, the Court does not need to address Defendant['s] arguments concerning [Plaintiff's] intentional infliction of emotional distress" claim.  *Xie*, 2025 WL 1135082, at *4 (quotation marks and citation omitted); *Rodrigue*, 2026 WL 158787, at *3 ("A single potentially viable claim suffices to justify remand in these circumstances.") (citation omitted); *Hall*, 2025 WL 2161334, at *4 ("[O]ne potentially viable claim against one Individual Defendant destroys this Court's subject matter jurisdiction.").  The Court therefore **GRANTS** Plaintiff's Motion to Remand and **REMANDS** this case to Los Angeles County Superior Court.

V.     Conclusion

For the foregoing reasons, the Court **ORDERS** as follows:

1.     Plaintiff's Motion to Remand Case to Los Angeles County Superior Court (Dkt. # 11) is **GRANTED**.

2.     The July 10, 2026 hearing date is **VACATED**.  The parties' Joint Administrative Request to Appear Remotely (Dkt. # 14) is **DENIED AS MOOT**.

3.     This case is **REMANDED** to Los Angeles County Superior Court (Case No. 26STCV08768). **[JS-6]**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES – GENERAL

Case No.   2:26-cv-04321-MWC-SK                                    Date: July 6, 2026

Title:      Eleina Ibarra v. Walmart Inc., *et al.*


**IT IS SO ORDERED.**


                                                                              :
                                          **Initials of Preparer**    TJ